IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



TATUM TIMMONS, §
§
      Plaintiff, §
§
VS. § NO. 4:11-CV-327-A
§
PNC BANK, N.A., §
§
      Defendant. §

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

Background

On May 2, 2011, the above-captioned action was initiated by Tatum Timmons against defendant, PNC Bank, N.A., in the District Court of Parker County, Texas, 43rd Judicial District. By notice of removal filed May 16, 2011, defendant removed the action to this court, alleging that this court had subject matter

jurisdiction by reason of diversity of citizenship, as contemplated by 28 U.S.C. § 1332, and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as contemplated by § 1332(a).

In the state court petition, plaintiff alleged that on September 2, 2005, she executed a promissory note for the purchase of certain property, such note secured by a deed of trust. Plaintiff alleged that, on information and belief, due to a transfer of the note, defendant no longer owned the note and thus had no right to foreclose on her property. Plaintiff sought a declaration that defendant had no interest in the note or deed of trust that was enforceable through foreclosure, and asked that the court quiet title of the property in plaintiff. Plaintiff also sought a refund of fees and charges related to the note, as well as reasonable attorney's fees, and sought and obtained a temporary restraining order enjoining the foreclosure sale.

Defendant alleged the following as to the amount in controversy in the notice of removal:

> 8. Further, this action involves an amount in controversy exceeding the value of $75,000, exclusive

> of interests and costs. The original mortgage note on
> the Property was approximately $153,000.00 . . .
> Plaintiff is in default on his payments on the note.
> As a result, PNC accelerated the maturity of the note
> and began the process to foreclose on the property to
> recover the amount owed. Plaintiff's actions seek to
> prevent PNC [sic] recovery of money in excess of
> $75,000.00. Accordingly, the value of the amount in
> controversy, i.e., the mortgage note and interest, far
> exceeds the limit required for diversity jurisdiction.

Notice of Removal at 2-3 (internal citation omitted).

Because of a concern that defendant had not provided the court with information that would enable the court to find the existence of the requisite jurisdictional amount, the court on May 18, 2011, ordered defendant to file an amended notice of removal, together with supporting documentation, showing that the amount in controversy exceeds the jurisdictional amount.

Defendant filed its amended notice of removal on May 31, 2011, together with a memorandum of law and appendix in support thereof. In the amended notice of removal and memorandum, defendant argued that the amount in controversy in an action seeking declaratory or injunctive relief is the value of the object of the litigation. Defendant further argued that plaintiff's action to quiet title, and her request for a release of the deed of trust against her property, caused the amount in

3

controversy to equal the value of the property. Defendant also included in the appendix a copy of a broker opinion showing the market value of the property at $169,000, and an affidavit showing that the amount due on the note is $179,269.47, thus establishing the value of the property in excess of $75,000.

II.

Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[1] Carpenter v. Wichita

---

[1] The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(continued...)

4

Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

The amount in controversy is measured from the perspective of the plaintiff. In an action for declaratory or injunctive relief, the amount in controversy is the "value of the object of the litigation." Leininger v. Leininger, 705 F.2d 727, 729 (5th

---

[1](...continued)
(emphasis added).

Cir. 1983). It is also "the value of the right to be protected or the extent of the injury to be prevented." Id.

III.

## The True Nature of Plaintiff's Claims

The petition by which plaintiff initiated this action in the state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right sought to be protected or the extent of the injury sought to be prevented. Rather, the allegations of the petition are typical of many state court petitions that are brought before this court by notices of removal in which the plaintiff makes vague, general, and obviously legally baseless allegations in an attempt to frustrate the procedures a lender is pursuing, or has pursued, to regain possession of residential property the plaintiff used as security for the making of a loan.

As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature of plaintiff's claims. Having done so, and having considered the authorities and arguments cited by defendant in the amended

notice of removal, the court remains unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.

In the case at bar, plaintiff admits she signed a deed of trust to secure a promissory note on the subject property. Nowhere in the petition does plaintiff contend she made all of the payments required under the note for the purchase of the property. Plaintiff has thus tacitly admitted that any claims she may have to the property would be subject to the note and deed of trust--admissions that are inconsistent with any claim to outright ownership of the property.

Defendant relies on plaintiff's request for an adjudication that she owns title to the property to establish the amount in controversy. However, the court is convinced that there is no legitimate dispute in this action over ownership to the property, only plaintiff's attempt to extend the time she can stay on the property at no cost to her. Although plaintiff contends defendant is not the holder of the original note and disputes defendant's right to foreclose, nothing in the petition could lead to the conclusion that plaintiff is the holder of the

original note, or that plaintiff would be entitled to enjoin foreclosure and eviction by whoever is the holder.

All of defendant's arguments as to amount in controversy can be summed up as contending that either the value of the property or the amount of plaintiff's outstanding indebtedness on the note establishes the amount in controversy. Although defendant has provided the court with documents purporting to show that the market value of the property and the amount of plaintiff's indebtedness each exceeds $75,000, the authorities cited in the amended notice of removal fail to persuade the court that either of these amounts constitutes the amount in controversy.

For example, defendant relies on <u>Frontera Transportation Co. v. Abaunza</u>, 271 F. 199, 201 (5th Cir. 1921), for the proposition that where a plaintiff seeks the release of the deed of trust, the value of the land is the amount in controversy. However, the Fifth Circuit in <u>Abaunza</u> held:

> Where a suit was brought to clear a title and set aside a deed of trust and vacate a deed executed to a purchaser, under a foreclosure, and, <u>if this was not done, then to allow complainant to redeem on payment of the mortgage debt, interest, and costs</u> (less than the jurisdictional amount), the value of the lands, not the amount required to redeem, is the amount in

8

controversy.

Id. (emphasis added). Unlike the relevant facts in the quoted portion of the Fifth Circuit's opinion, plaintiff in the instant action does not seek to tender the outstanding mortgage debt still owed by her on the property, she merely wants the court to declare her the outright owner of the property.

No information has been provided to the court that would enable the court to place a value on the interest plaintiff seeks to protect by this action. Thus, defendant has not shown by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Consequently, the court lacks subject matter jurisdiction over the action, and it should be remanded to the state court from which it was removed.

IV.

Order

For the reasons given above,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED June 13, 2011.

_____
JOHN McBRYDE
United States District Judge